UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 06-181-FJP-DLD |
| | : | |
| EARL HENRY LEET | : | |

**UNITED STATES' MOTION AND INCORPORATED MEMORANDUM
TO LIMIT CROSS EXAMINATION TO THE SCOPE OF DIRECT
AND TO MATTERS AFFECTING THE WITNESS' CREDIBILITY**

The United States of America by David R. Dugas, United States Attorney for the Middle District of Louisiana, through Corey R. Amundson and M. Patricia Jones, Assistant United States Attorneys, respectfully moves, pursuant to Rule 611(b) of the Federal Rules of Evidence, to limit the cross-examination of the United States' computer forensic experts to the subject matter of their direct examination and to matters affecting their credibility.

## ARGUMENT

The United States anticipates that defense counsel may attempt to cross-examine our computer forensic experts on matters outside of their direct examination which do not bear on their credibility. For example, we anticipate that defense counsel may attempt to question our computer experts about whether Special Agent Harry Burton followed proper procedures when securing the computer in this matter. While the defense could ask such questions of its own witnesses or of SA Burton, such questioning should not be permitted of our expert witnesses since it would exceed the scope of their direct examination.

Rule 611(b) of the Federal Rules of Evidence provides:

> (b) Scope of cross-examination. Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

See <u>United States v. Von Hoff</u>, 96 F.3d 1441, 1996 WL 511677 (5th Cir. Aug. 19, 1996) (unpublished) ("Von Hoff's attempt to question prosecution witness Field regarding the general operation of GTP's business was beyond the scope of her direct testimony . . . . This attempt to use cross-examination for development of defense evidence violated the trial court's limitation of it, consistent with Fed.R.Evid. 611(b), to impeachment and matters within the matters within the scope of direct.").

The limitations imposed by Rule 611(b) have been applied to limit cross-examination of government agents regarding policies and procedures. See <u>United States v. Valencia</u>, 995 F.2d 222, 1993 WL 209935 (5th Cir. June 3, 1993) (unpublished) (district court properly limited the scope of cross-examination of DEA agent regarding procedures outlined in DEA manual). Rule 611(b)'s limitation on cross examination applies equally to expert witnesses. See <u>United States v. Lee</u>, 89 F. Supp. 2d 1017 (D. Ark. 2000) (government exceeded the permissible scope of cross-examination in its questioning of defendant's mental health witness).

If the Court uses its discretion to permit the cross-examination to exceed the scope of the direct examination, the United States respectfully requests that defense counsel be required to ask the witness such questions as if the witness were on direct examination, as required by Rule 611(b).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court limit cross-examination of the United States' computer forensic experts to the subject matter of their direct examination and matters affecting their credibility.

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY


/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
M. Patricia Jones, LBN 18543
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: corey.amundson@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 06-181-FJP-DLD |
| | : | |
| EARL HENRY LEET | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on November 21, 2008, a copy of the foregoing United States' Motion and Incorporated Memorandum to Limit Cross Examination to the Scope of Direct and to Matters Affecting the Witness' Credibility was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to John S. McLindon, counsel for defendant, via hand delivery and by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 13th day of January, 2009.

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
M. Patricia Jones, LBN 18543
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: corey.amundson@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 06-181-FJP-DLD |
| | : | |
| EARL HENRY LEET | : | |

**ORDER**

This matter comes before the Court on the United States' Motion and Incorporated Memorandum to Limit Cross Examination to the Scope of Direct and to Matters Affecting the Witness' Credibility. After due consideration, the motion is hereby GRANTED.

IT IS HEREBY ORDERED that counsel shall limit their cross examination to questions within the scope of the direct examination and to matters affecting the witness' credibility.

DATED AND SO ORDERED this _____ day of January, 2009, at Baton Rouge, Louisiana.

                                            FRANK J. POLOZOLA
                                            UNITED STATES DISTRICT JUDGE